IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JENNIFER STICHER, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:15-CV-0896-SCJ |
| PNC BANK, N.A. | : | |
| | : | |
| Defendant. | : | |

## ORDER

This matter appears before the Court for consideration of the January 19, 2016, Report and Recommendation ("R&R") (Doc. No. [13]) in which The Honorable J. Clay Fuller, United States Magistrate Judge, recommended that the Court grant in part and deny in part Defendant's Motions to Dismiss (Doc. No. [9]). Both Plaintiff, Jennifer Sticher, and Defendant, PNC Bank, N.A. ("PNC"), have filed objections to the R&R. Doc. Nos. [15], [16].

In reviewing a magistrate judge's report and recommendation, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. 636(b)(1). Plaintiff makes two objections to the Magistrate Judge's recommendations: (1) that the settlement agreement between her ex-husband and PNC constituted a novation of the security deed she signed; and (2) that, even if the agreement was not a novation as a matter of law, whether the parties intended for it to be a novation is

AO 72A
(Rev.8/82)

a disputed question of fact. See Doc. No. [15], pp. 3–6. Defendant objects to the Magistrate Judge's recommendation that Plaintiff's Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, claim be allowed to proceed. PNC contends that it the security deed continued to be in default after the consent order, and that its reporting was therefore accurate. See Doc. No. [16], pp. 3–6.

Plaintiffs objections to the R&R fail. Her argument that the consent order between her ex-husband and PNC constituted a novation of the security deed is merely a rehashing of the argument she made to Magistrate Judge Fuller. As Magistrate Judge Fuller correctly noted, "The consent order makes no mention of the security deed or the rights and obligations of [Plaintiff]." Doc. No. [13], p. 11. While the agreement modified the terms for payment of the debt, it did nothing to extinguish Plaintiff's liability. If Plaintiff's ex-husband failed to make the scheduled payments, the consent order specifically provided that it could be converted into a final judgment against both Plaintiff and her ex-husband. See Doc. No. [6], p. 13.[1]

Plaintiff asserts that because she did not sign the confession of judgment, which specifically provided that the agreement was not a novation, she was no

---

[1] A copy of the Consent Order is attached to Plaintiff's amended complaint. See Doc. No. [6], pp. 12–13. The Court may consider the document without converting the motion to dismiss into a motion for summary judgment because the document is central to Plaintiff's claims, and its authenticity is not challenged. See Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005).

AO 72A
(Rev.8/82)

longer responsible under the security deed. See Doc. No. [15], p. 4. However, Plaintiff's attorney did sign the consent order, which provided that both she and her ex-husband would be liable under the security deed upon entry of any final judgment. See Doc. No. [6], p. 13. While Plaintiff may not have been personally required to make payments on the debt, nothing in the consent agreement extinguishes her liability on the security deed. Her alternative argument—that whether the parties intended the agreement to be a novation is a question of fact for the jury—also fails. She herself notes that the confession of judgment, on which the consent order was based, specifically provided that the agreement was not a novation. See Doc. No. [15], p. 4. The consent order was an agreement as to how the debt would be paid; there is absolutely no indication that the order extinguished Plaintiff's ultimate liability under the security deed. Thus, the Magistrate Judge correctly concluded that Plaintiff's claims for slander of title and her request for declaratory judgment should be dismissed. See Doc. No. [13], pp. 10–12

Defendant's argument that Plaintiff's FCRA claim should be dismissed is likewise unavailing. As the Magistrate Judge noted, although the consent order did not extinguish Plaintiff's liability, "Plaintiff could still show the loan was not in default as her [ex-]husband was still making payments." Doc. No. [13], p. 9. If Plaintiff shows the loan was not in default, the reporting on the loan would be

inaccurate, and PNC may be liable under the FCRA. Id. pp. 9-10. Defendant contends that the consent order did not "cur[e] the underlying default," and that Plaintiff's "account was, and continues to be, in default." Doc. No. [16], p. 5.

However, a default is defined as a "failure to perform a legal or contractual duty; esp., the failure to pay a debt when due." See Default, Black's Law Dictionary (10th ed. 2014). As noted above, the consent order modified the payment obligations on the debt. So long as Plaintiff's ex-husband continued to make payments in accord with the consent order, there was no "failure to perform a legal or contractual duty," and the loan was not in default. Indeed, the plain language of the consent order supports this very conclusion. The consent order provided that PNC could convert it into a judgment "in the event [Plaintiff's ex-hudband] defaults by failure to make any scheduled payment." Doc. No. [6], p. 13. It logically follows that so long as Plaintiff's ex-husband continued to make the scheduled payments, the loan was not in default. Thus, if Plaintiff can show that her ex-husband made the payments, she can show that the loan was not in default and that PNC's reporting it as such was a violation of the FCRA.

## CONCLUSION

The R&R (Doc. No. [13]) is hereby **ADOPTED** as the order of the Court. Both Plaintiff's objections to the R&R (Doc. No. [15]) and Defendant's objection to the R&R (Doc. No. [16]) are **OVERRULED**. The Motion to Dismiss (Doc. No. [9])is

**GRANTED** as to Plaintiff's claims for slander of title and her request for declaratory judgment and **DENIED** as to Plaintiff's claim under the FCRA.[2]

**IT IS SO ORDERED**, this 17H day of February, 2016.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes, as did the Magistrate Judge, that Plaintiff's FCRA claim may be barred by the statute of limitations. See Doc. No. [13], p. 12 n.7. However, because the timing of the events underlying the FCRA claim are not clear on the face of the complaint, the Court cannot make any conclusion on this issue at this stage of the litigation. See id. pp. 7–8.